# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: 10-CV-02190 (DWF/JJK)

| | |
|---|---|
| Curtis Zaun, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>J.S.H. Inc. of Faribault d/b/a<br>Long John Silver's-Mall of America,<br><br>    Defendant. | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

  Plaintiff, Curtis Zaun, by his undersigned counsel, submits this memorandum of law in opposition to the motion to dismiss filed by Defendant, J.S.H. Inc. As discussed more fully below, the motion to dismiss should be denied because Plaintiff has stated a claim upon which relief may be granted and Defendant's motion raises the same argument that has been rejected repeatedly by other District Courts considering similarly pleaded complaints.

## I. INTRODUCTION

  This case was filed as a putative class action under the Fair and Accurate Credit Transaction Act of 2003 ("FACTA") which, in amending the Fair Credit Reporting Act ("FCRA"), requires merchants which accept credit and/or debit cards for purchases to undertake certain safeguards calculated to deter consumer identity theft.  Specifically, under FACTA, merchants are required to truncate the consumer's credit card number to

five or less digits and entirely redact the credit card's expiration date from any printed receipt provided to the consumer at the point of sale.  Although enacted in 2003, FACTA provided up to a three-year grace period to enable merchants to comply.  After such grace period, however, FACTA provides for civil liability for willful noncompliance equal to: "any actual damages sustained by the consumer as a result of the failure **OR** damages of not less than $100 and not more than $1,000." *15 U.S.C.A. § 1681n* (emphasis added).

After FACTA became fully effective, Plaintiff was provided with a credit card receipt by Defendant at the point of sale that failed to comply with FACTA's explicit requirements.  Plaintiff alleges that Defendant's violation of FACTA was willful, alleges abundant facts demonstrating why the violation was willful, and seeks to represent a class of similarly-situated individuals. Defendant has moved to dismiss Plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), claiming that Plaintiff's allegations of Defendant's willful noncompliance are insufficient.  However, because Plaintiff can prove willfulness under FACTA by objectively demonstrating that Defendant "recklessly" failed to comply with FACTA's truncation requirements, Defendant's argument without merit and there is no authority which supports Defendant's remarkable argument that the willfulness issue can be properly adjudicated in the context of a Rule 12 Motion.  For the reasons set forth herein, Plaintiff respectfully requests that Defendant's argument be rejected, and that its motion be denied.

## II.   FACTA - AN OVERVIEW

As the preamble to the legislation indicates, FACTA amended the FCRA "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of

consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes." Consistent with Congressional intent to "prevent identity theft," FACTA amended Section 1681c of the FCRA to add the following provision:

(g) TRUNCATION OF CREDIT CARD AND DEBIT CARD NUMBERS.

    (1)    IN GENERAL. Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

    (2)    LIMITATION. This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

    (3)    EFFECTIVE DATE. This subsection shall become effective –

        (A)    3 years after the date of enactment of this subsection, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and

        (B)    1 year after the date of enactment of this subsection, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 2005.

As part of the FCRA, FACTA is governed by the FCRA's private enforcement mechanism. This enforcement mechanism, which was enacted and in place before FACTA was passed, provides for separate liability and damages for "negligent noncompliance" versus "willful noncompliance." For negligent noncompliance, Section 1681o provides, in relevant part, that: "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is

liable to that consumer in an amount equal to - any actual damages sustained by the consumer as a result of the failure..." *15 U.S.C.A. § 16810(a).*

For willful noncompliance, however, the damages provision is expanded to include actual damages or statutory damages. Specifically, Section 1681n provides, in relevant part: "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of — any actual damages sustained by the consumer as a result of the failure **OR** damages of not less than $100 and not more than $1,000...." *15 U.S.C.A. § 168ln(a)* (emphasis added).

There is no requirement that a Plaintiff establish actual damages to recover for violations of FACTA. Congress explicitly provided that FCRA plaintiffs may recover statutory damages of $100 to $1,000 for willful violations. Courts interpreting the FCRA agree with this analysis. *See, e.g., Hernandez v. Chase Bank USA, NA.,* 429 F.Supp.2d 983, 988-89 (N.D.Ill.2006) (denying motion to dismiss because the complaint stated a FCRA violation despite not alleging actual damages, stating "[t]he decision in *Murray* forecloses any arguments that actual damages need to be established for a willful violation of the FCRA") (referencing *Murray v. GMAC Mortg. Corp.,* 434 F.3d 948 (7th Cir.2006)). As the Seventh Circuit observed in *Murray,* statutes like the FCRA provide for modest damages without proof of injury because the actual loss suffered by and individual is likely to be small and hard to quantify: "a modest concern about privacy, a slight chance that information would leak out and lead to identity theft." *Murray,* 434 F.3d at 953; *see also, Murray v. Sunrise Chevrolet, Inc.,* 441 F.Supp.2d 940, 949 (N.D.

4

Ill.2006) (stating that "[i]n short, the plaintiff class members may still seek so-called statutory damages as an alternative remedy when they cannot prove and do not seek actual damages. The statute simply limits the amount of statutory damages available to a plaintiff if she cannot prove actual injury or harm.").

## III.    THE CLARIFICATION ACT

Plaintiff's complaint alleges that FACTA was violated on January 10, 2009, when Defendant provided him with an electronically printed receipt on which Defendant printed the expiration date of the Plaintiff's credit card. *Complaint,* at ¶ 14. This violation is significant because it occurred after June 3, 2008, the date when the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. § 1681n(d) (the "Clarification Act"), became effective.  The Clarification Act shielded any business that printed an expiration date on a cardholder receipt between December 4, 2004, and the enactment of the Clarification Act (i.e. June 3, 2008).

The Clarification Act did not eliminate the statutory requirement that card expiration dates not be printed on the cardholder receipts, but instead created a retroactive "safe harbor" based upon the belief that the original act was confusing as to whether card expiration dates were also required to be redacted.  By maintaining the requirement to not print expiration dates, however, the Clarification Act made clear that liability under FACTA can exist when, as in this case, a merchant continued to print expiration dates on cardholder receipts after June 3, 2008. *See Smith v. Zazzle.com*, 585 F.Supp.2d 1345, 1346 n.1 (S.D.Fla.2008) (stating that "[t]he undersigned has considered the applicability of the Credit and Debit Receipt Clarification Act...in which Congress

altered the elements necessary for a willful violation for those receipts provided to card holders between December 4, 2004, and June 3, 2008. . . . However, this amendment is not applicable to the instant action because the conduct complained of occurred after June 3, 2008.").

## IV.   APPLICABLE "WILLFULNESS" STANDARD

The Supreme Court addressed the issue of what constitutes a willful violation under § 1681n(a) in *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 127 S.Ct. 2201 (2007), and held that a willful violation occurs when a defendant knowingly and intentionally performs an act that violated the statute, either knowing that the action violates the rights of consumers or in reckless disregard of those rights:

> GEICO and Safeco argue that liability under § 1681n(a) for "willfully fail[ing] to comply" with FCRA goes only to acts known to violate the Act, not to reckless disregard of statutory duty, but we think they are wrong. We have said before that "willfully" is a "word of many meanings whose construction is often dependent on the context in which it appears," *Bryan v. United States, 524* U.S. 184, 191, 118 S.Ct. 1939, 141 L.Ed. 2d 197 (1998) (internal quotation marks omitted); and **where willfulness is a statutory condition of civil liability we have generally taken it to cover not only knowing violations of a standard but reckless ones as well,** *see McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 132-133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) ("willful," as used in a limitation provision for actions under the Fair Labor Standards Act, covers claims of reckless violation)*; TransWorld Airlines, Inc. v. Thurston,* 469 U.S. 111, 125-126, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) (same, as to a liquidated damages provision of the Age Discrimination in Employment Act of 1967); *cf. United States v. Illinois Central R. Co.,* 303 U.S. 239, 242-243, 58 S.Ct. 533, 82 L.Ed. 773 (1938) ("willfully," as used in a civil penalty provision, includes" 'conduct marked by careless disregard whether or not one has the right so to act" (quoting *United States v. Murdock,* 290 U.S. 389, 395, 54 S.Ct. 223, 78 L.Ed. 381 (1933))). This construction reflects common law usage, which treated actions in "reckless disregard" of the law as "willful" violations. *See* W. Keeton, D. Dobbs, R. Keeton, *& D. Owen,*

PROSSER AND KEETON ON LAW OF TORTS § 34, p. 212 (5th ed. 1984) (hereinafter PROSSER AND KEETON) ("Although efforts have been made to distinguish" the terms "willful," "wanton," and "reckless," "such distinctions have consistently been ignored, and the three terms have been treated as meaning the same thing, or at least as coming out at the same legal exit"). **The standard civil usage thus counsels reading the phrase "willfully fails to comply" in 1681n(a) as reaching reckless FCRA violations,** and this is so both on the interpretive assumption that Congress knows how we construe statutes and expects us to run true to form, *see Commissioner v. Keystone Consol. Industries, Inc.,* 508 U.S. 152, 159, 113 S.Ct. 2006, 124 L.Ed.2d 71(1993), and under the general rule that a common law term in a statute comes with a common law meaning, absent anything pointing another way, *Beck v. Prupis,* 529 U.S. 494, 500-501, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000).

*Id.* at 56-57 (emphasis added).

The Supreme Court expressly rejected the argument that only knowing violations of the statute can be considered willful violations, and that civil use of the term typically presents neither the textual nor the substantive reasons for pegging the threshold of liability at knowledge of wrongdoing. *Safeco Ins. Co.,* 551 U.S. at 57 n.9. It is well settled that a determination of "willfulness" under FCRA (and FACTA) is almost always a question of fact for the jury. *See, e.g., Sheffer v. Experian Information Solutions, Inc.,* 2003 WL 21710573 *3 (E.D.Pa.2003); *Harris v. Equifax Information Services, LLC,* 2007 WL 186826 *1-3(D.S.C.2007); *Thomas v. U.S. Bank,* 2007 WL 764312 *8 (D.Or.2007); *Cairns v. GMAC Mortgage Corp.,* 2007 WL 735564 *8 (D.Ariz.2007); *Apodaca v. Discover Financial Services,* 417 F. Supp.2d, 1234 (D.N.M.2006); *Johnson v. MBNA America Bank, National Association,* 2006 WL 618077 *4 (M.D.N.C.2006). Therefore, this question is almost never properly decided by way of summary judgment, let alone by way of a Rule 12 motion, and there is no authority supporting Defendant's novel

argument in this case that this issue can somehow properly be determined by way of a motion to dismiss.

## V.     PLAINTIFF'S ALLEGATIONS

As alleged in his Class Action Complaint ("Complaint"), on January 10, 2009, after the effective date of the statute and the Clarification Act, Defendant provided Plaintiff with an electronically printed receipt on which Defendant printed the expiration date of the Plaintiff's credit card. *Complaint*, ¶14. Plaintiff further alleges that Defendant "knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates." *Complaint,* ¶9.  In support of his claim that Defendant's violation of FACTA was objectively reckless, Plaintiff alleges a myriad of facts, including but not limited to:

- Plaintiff alleges that in early 2003, the payment card industry and Congress announced that they were working together to combat identity theft. *Complaint,* ¶9.
- A critical part of this joint effort was the truncation of personal data from credit and debit card receipts presented to consumers at the point of sale. *Complaint,* ¶11.

The Complaint also describes the extraordinary amount of information detailing FACTA's truncation requirements available in the public domain, well in advance of FACTA's effective date.  For example, Visa USA's agreements with the American merchants which accept Visa brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants, Card

Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules").  The 'Visa Merchant Rules Manual includes a description of Visa's truncation requirements.  For example, the 2006 edition of the Manual states:

> Visa requires that all new electronic POS terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt.

> After July 1, 2006, the expiration date should not appear at all. Existing POS terminals must comply with these requirements by July 1, 2006 . . .

The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and the merchants which accept its debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.  The requirement that merchants truncate all but the last five digits of the card account number and expiration date was phased in over a three year period.  The Complaint alleges that during that three year phase-in period, there was extensive publicity regarding the law's requirements. *Complaint,* ¶8.  The Complaint also alleges that many restaurant and retail trade associations apprised their merchant members that FACTA requires truncation of the entire expiration date and all but the last five digits of the cardholder account number. *Complaint,* ¶10-11.

For these reasons, (i.e. because the FTC apprised Defendant of FACTA's truncation requirements, because Defendant had a private contractual obligation to truncate that preceded the effective date of FACTA, and because Defendant was the recipient of abundant information about FACTA's truncation requirements, generally) the Complaint alleges that Defendant's violation of FACTA was willful. *Complaint* ¶16.

## VI. PLAINTIFF HAS SUFFICIENTLY PLEADED A WILLFUL VIOLATION OF FACTA.

Defendant argues that Plaintiff's Complaint should be dismissed because it does not allege facts that exceed the speculative level and show that Plaintiff has a plausible basis to allege willfulness or entitlement to statutory damages. Defendant's argument, however, disregards the plain language of the Federal Rules of Civil Procedure as well as abundant and unanimous authority that undermines Defendant's position.

Federal Rule of Civil Procedure 8(a) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P. 8(a)*. Meanwhile, Rule 8(e) provides that "each averment of a pleading shall be simple, concise, and direct," and Rule 8(f) provides that all pleadings "shall be construed as to do substantial justice." *Fed.R.Civ.P. 8(e)-(f)*. Under the liberal system of "notice pleading" set up by these Rules, complaints need not contain comprehensive factual detail. The United States Supreme Court explained in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*:

> [T]he Federal Rules do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary all the Rules require is a 'short and plain statement of the claim' that will give Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.

507 U.S. 163, 168 (1993).

Defendant effectively asks this Court to apply a heightened pleading standard that violates not only Rule 8, but Rule 9 as well. Federal Rule of Civil Procedure 9(b) provides that "malice, intent, knowledge, and other condition of mind of a person may be

averred generally." *Fed.R.Civ.P. 9(b).* The courts have firmly established that, pursuant to Rule 9(b), willfulness need not be pled with particularity. *See, e.g., Ferguson Beauregard/Logic Controls v. Mega Systems, LLC, 350* F.3d 1327, 1343 (5th Cir.2003). In *Pfister v. Allied Corp.,* the court explained the rationale for Rule 9(b) as follows: "Were the Plaintiff required to aver conditions of the mind with specificity, it would be virtually impossible to do so without presenting all the evidence bearing on the matter at length." 539 F.Supp.224, 228 (S.D.N.Y.1982).

Here, Plaintiff has adequately alleged willfulness in his Complaint, and that is all that is required to survive a motion to dismiss. At this procedural juncture, it is inappropriate to consider Defendant's purported state of mind as a defense to willfulness. All that is at issue here are the allegations in Plaintiff's Complaint. Moreover, arguments identical to those proffered by Defendant here have been unanimously rejected by every federal district court to consider them, including recent decisions which addressed the arguments after the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Safeco Insurance Co. of America v. Burr,* 551 U.S. 47 (2007). Specifically, in *Follman v. Hospitality Plus of Carpentersville, Inc.,* 532 F.Supp.2d 960 (N.D.Ill.2007), the Court rejected a similar motion to dismiss based upon *Twombly,* explaining:

> Defendant argues that plaintiff has failed to allege sufficient facts that would raise his claim of willful violation of the statute "above a speculative level." *Id.* We disagree. "Willfulness" as used in the FRCA is defined to include both reckless and knowing violations of the statute. *Safeco Ins. Co. v. Burr, --- U.S. ----, ---- - ----,* 127 S.Ct. 2201, 2208-10, 167 L.Ed.2d 1045 (2007). Plaintiff sufficiently alleges willfulness under this definition. His complaint alleges that FACTA was enacted in 2003 and gave merchants three years within which to comply with the law's requirements. It alleges

that defendant knew of the requirements because VISA, MasterCard and the PCI Security Standards Council informed defendant about FACTA. In addition, the card-issuing organizations proceeded to require compliance with FACTA in their contracts with merchants before the mandatory compliance date. Finally, most of defendant's business peers and competitors readily brought their processes into compliance. Yet, defendant failed to comply with FACTA, issuing a credit card receipt to plaintiff containing the expiration date of his credit card. We find these allegations plausibly suggest that defendant willfully violated the statute.

*Id.* at 962-963; *see also Kubas v. Standard Parking Corp.,* 594 F. Supp.2d 1029 (N.D.Ill. 2009), *citing Follman v. Village Squire, Inc.,* 542 F. Supp.2d 816 (N.D.Ill.2007); *Follman v. Hospitality Plus of Carpentersville Inc.,* 532 F. Supp. 2d 960 (N.D.Ill.2007); *Iosello v. Leiblys, Inc.,* 502 F.Supp.2d 782 (N.D.Ill.2007); *Troy v. Home Run Inn, Inc., No.,* 2008 WL 1766526 (N.D.Ill.2008); *Harris v. Wal-Mart Stores Inc.,* 2007 WL 3046162 (N.D.Ill. 2007). All other federal district courts to consider this issue have reached the same conclusion. *See, e.g., Lopez v. Gymboree Corp.,* 2007 WL 1690886 (N.D.Cal.2007); *Blanco v. El Pollo Loco, Inc.,* 2007 WL 1113997 (C.D.Cal.2007) (rejecting Defendant's argument that the complaint should be dismissed because it contains "boilerplate allegations" regarding willfulness, because the plaintiffs need not plead the particular facts constituting willfulness with specificity under the notice pleading standard); *Clark v. Marshalls of MA, Inc.,* 2007 WL 1100412 (C.D.Cal.2007) ("As a result, allegations regarding state of mind, such as willfulness, may be averred generally. Here, the allegations in Plaintiff's Complaint, which include allegations that Defendant was aware of the requirements imposed by the FACTA, yet despite this willfully printed prohibited information on her receipt are sufficient."); *See also Dudzienski v. Gordon Food Service, Inc.,* 2008 WL 4372720 (N.D.Ill.2008) (rejecting *Twombly* challenge to

FACTA claim).

Most recently, the United States District Court for the District of Maryland, Northern Division, denied a defendant merchant's identical Rule 12 motion.   *See Buechler v. Keyco, Inc.,* WDQ-09-2948 (Order dated April 22, 2010 – attached as Exhibit 1 to the affidavit of Trista Roy).   In *Buechler*, The Honorable William D. Quarles, Jr. held:

> Here Buechler has sufficiently alleged willfulness.  Unlike the provision of FCRA at issue in Safeco, the FACTA provision Keyco allegedly violated is unambiguous (footnote omitted): "[n]o person that accepts credit cards or debit cards for the transaction of business shall print… the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."  15 U.S.C. § 1681c(g).  The FTC provided guidance in a May 2007 business alert that "[a]ccording to [FACTA], the electronically printed credit and debit card receipts you give your customers must shorten-or-truncate- the account information.  You may include no more than the last five digits of the card number, *and you must delete the card's expiration date.*"  Compl. ¶24 (emphasis in the Complaint).
>
> But despite the well-publicized enactment of FACTA provision in 2003; FTRC guidance; the 2007 Clarification Act (which required expiration date truncation); similar requirements in the private sector; and FACTA compliance by its competitors, Keyco issued a noncompliant receipt to Buechler on May 31, 2009.  Buechler's complaint plausibly alleges a willful violation of FACTA.  Accordingly, Keyco's motion to dismiss must be denied. (footnote omitted). *Id.* at page 9.

This Court should similarly deny Defendant's motion to dismiss.  Plaintiff's Complaint provides the same, if not more, detail regarding Defendant's knowledge as the FACTA complaints evaluated in the decisions discussed above, all of which denied the defendants' motions to dismiss.  Plaintiff's Complaint alleges that: 1) The FTC apprised Defendant of FACTA's truncation requirements prior to the occurrence of the

violation being challenged by Plaintiff; 2) substantial publicity surrounded the enactment of the Clarification Act; 3) there was substantial publicity, generally, regarding the truncation requirements of FACTA prior to its effective date, and, 4) the vast majority of persons who print credit or debit card receipts comply with the Receipt Provision.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Defendant's motion be denied.

Dated this 3rd day of September, 2010.

Respectfully submitted,

By: s/Trista M. Roy

Trista M. Roy, Esq.
Attorney I.D. #0387737
Thomas J. Lyons, Sr., Esq.
Attorney I.D. # 65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tristacjc@aim.com
tlyons@lyonslawfirm.com

ATTORNEYS FOR PLAINTIFF