IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Curtis Zaun, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J.S.H. Inc. of Faribault d/b/a Long John Silver's-Mall of America,<br><br>Defendant. | Court File No.: 10-CV-02190 (DWF/JJK)<br><br>**DEFENDANT J.S.H. OF FARIBAULT D/B/A LONG JOHN SILVER'S-MALL OF AMERICA'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

Defendant J.S.H. Inc. ("JSH") submits this brief reply to plaintiff's opposition to JSH's Rule 12 (b)(6) motion.[1]  In short, plaintiff relies almost entirely on district court decisions from foreign jurisdictions which pre-date *Aschcroft v. Iqbal*, which Zaun ignores completely.  While the instant Complaint provides ample generic allegations pertaining to the legislative history of FACTA and the subsequent collective response of the payment card industry, the Complaint is completely bereft of any allegations which allow for a reasonable inference that JSH willfully violated FACTA.  As in *Iqbal*, Zaun's Complaint "stops short of the line between possibility and plausibility of 'entitlement to relief'".[2] The Complaint should be dismissed with prejudice.

## ARGUMENT

**A.    Defendant updated its system to comply with the FCRA and FACTA; any actions regarding the Plaintiff's receipt of a merchant's copy receipt were, if anything, an accident.  Merely alleging Zaun received a receipt containing his credit card's expiration date is insufficient to plead willful noncompliance.**

---

[1] On September 3, 2010, the court reassigned two of plaintiff's other related FACTA lawsuits to Judge Frank.  JSH takes no position as to the sufficiency of the complaints in those cases.
[2] *Aschcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

Plaintiff argues his allegations surrounding the history and purpose of FACTA's card number truncation and expiration date deletion requirements, coupled with his being given a non-complying receipt somehow satisfies the Rule 8(a)(2) standard for pleading a ***willful*** violation of FACTA.  It does not.  No one disputes the history of FACTA, or that of the Clarification Act.  No one disputes the compliance steps undertaken by the merchant community as a whole (including JSH).   That does not change the fact that Zaun here is nakedly asserting a claim for ***willful*** noncompliance, with nothing more than conclusory statements.

Strikingly, Zaun's Complaint does not (and cannot) allege ***this*** defendant did not take measures to have its system truncate account numbers and delete the expiration date from the customer's copy.[3]  Here, if Zaun received a receipt showing his card's expiration date, it was due to human error, not willful noncompliance.  Zaun was accidentally given the "merchant copy", not the "customer" copy of his receipt.  Those facts, theoretically, could form part of the basis for a claim for negligent noncompliance, but that is not what plaintiff alleges.  A negligence claim, ostensibly, would not serve Zaun's ends because: (1) Zaun would have to prove "actual damages" to recover; and (2) the issue of  what, if any, "actual damages" suffered individually by Zaun would most likely defeat his aspiration to be the lead plaintiff in a class action.[4]

As this court is likely aware, the pleading standard under Fed.R.Ciov.P. 8(a)(2) has changed dramatically in the wake of ***Twombly***[5] and ***Iqbal.***[6]   In ***Iqbal,*** the Supreme Court extended ***Twombly's*** pleading standard beyond anti-trust cases to "all civil actions…in the

---

[3] See, Affidavit of Steve Oborn
[4] The court may certify a class if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Class certification is not appropriate where individual issues predominate over the class. *Buetow v. A.L.S. Enterprises, Inc.*, 259 F.R.D. 187 (D.Minn.2009).

[5] *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)
[6] *Aschroft v. Iqbal,* 129 S.Ct. 1937 (2009)

district courts".[7]  The court dismissed the complaint for failure to sufficiently state a claim for purposeful discrimination because it contained "threadbare recitals of a cause of action's elements, supported by mere conclusory statements".[8]

The same result is compelled here.  Plaintiff mainly relies on just one post-*Iqbal* case, in Maryland district court decision in *Buechler v. Keyco, Inc.,* WDQ-09-2948.  Yet, the *Keyco* complaint contained one glaring difference to the instant complaint.  As Judge Quarles stated:

> But despite well-publicized passage of FACTA and the growing concern in the credit and debit card industry about protection of consumer privacy, ***Keyco had not updated its receipt-printing process…*** (emphasis added).

The *Keyco* complaint specifically alleged the defendant failed to update its receipt printing processes, which strikes at the heart of the entire purpose behind FACTA.[9]  Zaun does not, and cannot, allege JSH had not updated its receipt-printing process and, as a result, at least, state a plausible claim as to Keyco's "recklessness".  Actually, the *Keyco* court took specific note of the distinct remedies available for negligent noncompliance as opposed to willful noncompliance, and the "actual damages" requirement when alleging the former.

Plaintiff also cites other cases purporting to have rejected JSH's position. (Pl. Mem. at p. 11, ¶ 2). Yet, those cases are easily distinguishable, primarily for two reasons: 1) nearly all were decided prior to the 2008 Clarification Act, and prior to the Supreme Court deciding *Iqbal and Twombly*; and 2) all involved merchants who printed only one type of receipt which contained either a non-truncated credit card number or an expiration date.  None involved accidental human error handing out the wrong receipt from updated, FACTA-compliant systems. Cf., *Follman v. Hospitality Plus of Carpentersville, Inc.,* 532 F.Supp.2d 960 (N.D.Ill.2007) ( case prior to the clarification act and during the time when there were a large number of lawsuits

---

[7] *Iqbal,* 129 S.Ct. 1937 at 1953
[8] *Id.,* at 1949
[9] Roy Affidavit, Ex. 1, p. 3

because of the ambiguity regarding the willfulness standard; defendant did not have a compliant credit-card system in place); *Kubas v. Standard Parking Corp.,* 594 F.Supp.2d 1029 (N.D.Ill.2009) (defendant's entire system non-compliant).[10]

Furthermore, while Plaintiff correctly cites **Safeco** for the proposition that allegations of "recklessness" satisfies the pleading standard for "willfulness" under FACTA, courts routinely conclude that mere negligence does not rise to the level of recklessness. *See e.g. Bryant v. N. Pac. Ry. Co.*, 221 Minn. 577, 585, 23 N.W.2d 174, 179 (1946) (definition of willful and wanton negligence is "a failure to exercise ordinary care after discovering another in a position of peril."); *Peterson v. Honeywell, Inc.,* 1994 WL 34200, *4 (Minn.Ct.App. Feb. 8, 1994) (citing **Bryant** definition of willful and wanton negligence, holding action for willful and wanton negligence involves 'reckless disregard of the safety of the person or property of another by failing *after and not before* discovering the peril to exercise ordinary care to prevent the impending injury'.") (emphasis in original).  Black's Law Dictionary defines "recklessness" as: "conduct whereby the actor does not desire harmful consequence but nonetheless foresees the possibility and ***consciously takes the risk***. Recklessness involves a greater degree of fault than negligence." 1298 (8th ed.2004)). (emphasis added).  No such thing is alleged here.  Moreover, as stated in JSH's prior memorandum, the Eighth Circuit requires a showing of knowing and intentional acts in conscious disregard for the rights of others to show willful noncompliance with the FCRA.  (Def. Mem. at p.5,¶ 1, citing, *Bakker v. McKinnon,* 152 F.3d 1007, 1013 (8th Cir.1998)).

---

[10] The court also addressed standard for "recklessness": "Recklessness under Fair and Accurate Transactions Act (FACTA) amendment to the Fair Credit Reporting Act (FCRA) was something more than negligence but less than knowledge of the law's requirements." (emphasis added)); *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D.Ill.2007) (Similar to *Follman*, the Defendant used computer printed receipts which were not in compliance; the case was decided prior to the Clarification act, pre *Iqbal/Twombly*. Defendant knowingly printed computer-generated receipts with expiration dates).

## **CONCLUSION**

Once the generic boilerplate allegations are set aside, plaintiff's actual allegations as to JSH can be distilled to one: (1) plaintiff was handed a credit card receipt which included the card's expiration date. That is all. Zaun's "threadbare" allegations and conclusory statements do not meet the pleading standard for recklessness under the FCRA or FACTA. Based on the foregoing, JSH respectfully requests the Court dismiss this cause of action with prejudice for failure to state a claim upon which relief can be granted.

Dated:  September 10, 2010              JOHNSON & CONDON, P.A.


 /s/ Robert E. Kuderer
Robert E. Kuderer (# 207652)
Attorneys for J.S.H. of Faribault d/b/a Long
John Silver's-Mall of America
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034
(952) 831-6544

854540