UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Curtis Zaun, on behalf of himself and
all others similarly situated,

Civil No. 10-2190 (DWF/JJK)

Plaintiff,

v.

**MEMORANDUM
OPINION AND ORDER**

J.S.H. Inc. of Faribault, doing
business as Long John Silver's-
Mall of America,

Defendant.

_____

Thomas J. Lyons, Esq., Lyons Law Firm, P.A., and Trista M. Roy, Esq., Consumer Justice Center PA, counsel for Plaintiff.

Robert E. Kuderer, Esq., Johnson & Condon, PA, counsel for Defendant.

_____

# INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion is granted.

# BACKGROUND

In January 2009, Plaintiff ate at a Long John Silver's[1] restaurant at the Mall of America food court. (Compl. ¶ 14.) He paid with a credit card. (*Id.*) The receipt he was given was the merchant copy rather than the customer copy of the credit-card transaction. (*Id.*) He contends that this receipt contained the expiration date of his credit card. (*Id.*)

---

[1] Long John Silver's is owned and operated by Defendant J.S.H. Inc. of Fairbault, Minnesota.

He claims that the restaurant's provision of a credit-card receipt containing his card's expiration date constitutes a willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Fair and Accurate Credit Transactions Act ("FACTA"), which amended the FCRA.[2] He seeks to represent a class of similarly-situated individuals. (Compl. ¶¶ 17-24.)

## DISCUSSION

**I.     Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] FACTA amended the FCRA to require that merchants redact customers' credit-card numbers and expiration dates on receipts provided to consumers. 15 U.S.C. § 1681c(g).

545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.    Motion to Dismiss

There is no dispute that the FCRA prohibits a merchant from including credit card expiration dates on customer receipts: "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g). Because there was confusion as to whether this section prohibited merchants from printing the expiration date on receipts, Congress clarified the requirements in the "Credit and Debit Card Receipt Clarification Act of 2007," Pub. L. No. 110-241, 122 Stat. 1565 (2008) (amending 15 U.S.C. §§ 1601, 1681n). This act provided a safe harbor against accusations of willfulness for merchants who continued to print expiration dates on customer receipts. *Id.* § 3(a) (amending 15 U.S.C. §1681n). The safe harbor expired in June 2008, at least six months before the transaction at issue in this case.

Defendant argues that Zaun has failed to state a claim for a willful violation of FACTA's redaction requirements. The importance of a claim for willful noncompliance is that the consumer need not prove actual damages. *See* 15 U.S.C. § 1681n (imposing civil liability of *either* actual damages *or* statutory damages of $100 to $1,000 for willful violations of the FCRA).[3] The Supreme Court has made it clear that "willfulness" under the FCRA requires a knowing or a reckless violation of the statute's requirements. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

Zaun responds that the publicity surrounding the enactment of FACTA and the Clarification Act in 2008 makes Long John Silver's failure to comply with FACTA willful. Moreover, as Zaun points out, willfulness is usually a question of fact, not something to be determined on a motion to dismiss. Finally, according to Zaun, every single district court to have considered similar motions to dismiss has denied those motions.

This case is different from the typical FACTA case, however, because Zaun does not contend that Long John Silver's practice was to print expiration dates on customer receipts. Rather, he contends that the Long John Silver's employee mistakenly handed him the merchant copy of the receipt rather than the customer copy. Only the customer copy is prohibited from containing the credit card's expiration date.

---

[3] At the motion hearing, Zaun expressly stated that he had not alleged and could not show that he has suffered any actual damages, and for that reason, he was not alleging a claim for a negligent violation of the FCRA.

4

Compare Zaun's allegations to those in *Buechler v. Keyco, Inc.*, No. 09-2948, 2010 WL 1664226 (W.D. Md.) (April 22, 2010), a case Zaun highlights in his opposition memorandum. In *Buechler*, the plaintiff alleged that, despite the publicity surrounding the enactment of FACTA and the Clarification Act, the defendant merchant did not update its credit-card processing machines to comply with FACTA, and those machines continued to print expiration dates on all receipts. *Buechler*, 2010 WL 1664226 at * 1. Indeed, the cases on which Zaun relies all involve allegations that the defendant businesses failed to upgrade their processing machines after FACTA.[4] *See, e.g.*, *Kubas v. Standard Parking Corp.*, 594 F. Supp. 2d 1029, 1033 (N.D. Ill. 2009) (noting that plaintiff alleged that while defendant's peers "brought their processes into compliance with FACTA," defendant did not); *Lopez v. Gymboree Corp.*, No. C 07-0087, 2007 WL 1690886, at *2 (N.D. Cal. June 9, 2007) (denying motion to dismiss where complaint alleged that store "'knowingly and intentionally' continued to use cash registers that did not comply with FACTA"). This is very different from Zaun's allegation that he was given the wrong receipt.

At best, Zaun's allegations could state a claim for negligence, not willfulness, but, as stated above, Zaun has acknowledged that he cannot succeed on a negligence claim because he cannot demonstrate actual damage. The allegations here establish only that an

---

[4] The only exception is a case in which it is not clear from the one-page decision whether the violation alleged was a systemic or one-time violation. *Clark v. Marshalls of MA, Inc.*, No. CV 06-8135, 2007 WL 1100412 (C.D. Cal. Mar. 12, 2007).

employee at a fast-food restaurant gave a customer the wrong receipt. This does not rise to the level of a willful violation.

While willfulness is not usually something a court can determine as a matter of law on a motion to dismiss, the Court cannot blindly accept a plaintiff's allegations, and the Court must examine the Complaint to determine whether it "state[s] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 545. Zaun's allegations here are mere recitals of the elements of his causes of action, supported by conclusory statements. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a motion to dismiss.). Zaun recites the background of FACTA and the attendant publicity, but he does not tie any of those background allegations to Defendant's conduct in this case. Instead, he asks the Court to infer from his counsel's experience with other companies that Defendant here may likewise have been reckless or willful in violating the FCRA's requirements. But this case does not involve other companies. Zaun must at least allege facts that, if true, could establish that Defendant here willfully violated the FCRA's requirements regarding credit-card receipts. *See Hamilton v. Palm*, --- F.3d ---, 2010 WL 3619580, at *2 (8th Cir. Sept. 20, 2010) (noting that plaintiff must "allege facts that permit the reasonable inference that the defendant is liable."). Here, Zaun has utterly failed to do that, and his claim for a willful violation of the FCRA must be dismissed.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. [2]) is **GRANTED**.

2. Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 28, 2010          s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge